UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER MACKEY,

    Petitioner,

v().                                                                                    Case No. 8:02-cv-1645-T-23TGW

JAMES V. CROSBY, JR.,

    Respondent.
_____/

## **O R D E R**

Mackey petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges his convictions for manslaughter and possession of a firearm, for which he was sentenced to concurrent terms of twenty years. This action is proceeding based on the original petition for writ of habeas corpus (Doc. 1). The respondent filed his response (Doc. 10), which is supported by numerous exhibits ("Respondent's Exhibit"). The respondent admits that the grounds raised in the petition are fully exhausted. Response at 8 (Doc. 10). The respondent erroneously[1] argues that the petition is time-barred. Having considered the arguments of the parties and reviewed the record, this court concludes that the petition is without merit.

---

[1] Mackey's conviction was affirmed on direct appeal on August 9, 2000. Consequently, the conviction became final for federal statute of limitations purposes 90 days later, which represents the time allowed for filing a petition for writ of certiorari, 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec. Dept. Corr.*, 292 F.3d 1347 (11th Cir. 2002). In arguing that the petition is time-barred, the respondent did not include this 90-day period in his calculation of the limitations period.

STANDARD OF REVIEW

Because this action commenced after April 24, 1996, 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs these proceedings.  *Wilcox v. Florida Dep't of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).

Section 2254(d) creates a highly deferential standard for federal court review of state court adjudications.  In pertinent part, § 2254(d) states:

> (d)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, §2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state

court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Moreover, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694  (2002).  *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001)("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

Mackey's convictions and sentences were affirmed on direct appeal in a *per curiam* decision (Respondent's Exhibit 4), and the denial of his subsequent Rule 3.850 motion for post-conviction relief was likewise affirmed on appeal in another *per curiam* decision (Respondent's Exhibit 7).  The state appellate court's *per curiam* affirmances are still entitled to deference under  § 2254(d)(1), because "the summary nature of a state court's decision does not lessen the deference that it is due."  *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied*, 278 F.3d 1245 (2002), *cert. denied sub nom Wright v.* Crosby, 538 U.S. 906 (2003).

Mackey has the burden of overcoming all state court factual determinations by clear and convincing evidence.  "[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C.

§ 2254(e)(1). This presumption of correctness applies only to findings of fact, not mixed determinations of law and fact. *Parker v. Head,* 244 F.3d 831, 836 (11th Cir.), *cert. denied,* 534 U.S. 1046 (2001). Consequently, this court must defer to the findings of fact found by the state court when it rejected Mackey's post-conviction claims of ineffective assistance of counsel. Mackey raises in his federal petition the same six grounds he raised in the post-conviction proceeding. However, because Mackey's convictions and sentences were affirmed on direct appeal without any written analysis, there are no findings of fact to which this court can defer regarding Mackey's seventh and last ground for relief alleging trial court error.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Mackey claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim.

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690.

If counsel erred in representing Mackey, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland,* 466 U.S. at 691. Mackey must demonstrate that the error prejudiced the defense to compel a finding of ineffective assistance of counsel. *Strickland*, 466 U.S. at 692. Mackey meets this burden by showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A

reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland,* 466 U.S. at 690-91. Mackey cannot meet this burden by simply showing that, in hindsight, the avenue chosen by counsel proves ineffective.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial.... We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir.1992). *Accord. Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir.2000)("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. . . . [T]he issue is not what is possible or "what is prudent or appropriate, but only what is constitutionally compelled.") (*en banc* ) (quoting *Burger v. Kemp*, 483 U.S. 776, 794, 107 S.Ct. 3114, 3126, 97 L.Ed.2d 638 (1987)). *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise frivolous claims).

As stated above, Mackey must prove that the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal

law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  Consequently, the state court's determination of each of Mackey's claims largely governs this court's review of those same claims.

The state court recognized that Mackey's claims of ineffective assistance of counsel are governed by *Strickland*.

> Generally, Defendant raises the claim of ineffective assistance of counsel.  To successfully argue a claim of ineffective assistance of counsel, Defendant must prove that counsel's performance was deficient and that deficiency caused Defendant to suffer prejudice.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  To satisfy the prejudice test the Defendant must show that a reasonable probability exists that the outcome would have been different absent the ineffective assistance.  *See id.*; *See Haliburton v. Singletary*, 691 So. 2d 466 (Fla. 1997).

Respondent's Exhibit 6.  Consequently, Mackey cannot show that the state court's decision was "contrary to" controlling Supreme Court precedent.  Instead, Mackey will have to show that the state court's decision was an "unreasonable application" of *Strickland* or an "unreasonable determination of the facts. . . ." 28 U.S.C. § 2254(d).

<u>Ground One</u>:

Mackey alleges that trial counsel was ineffective for coercing him into waiving his right to testify at trial.  The state court rejected this claim stating,

> Defendant alleges that counsel coerced him not to testify and if not for "this harsh guidance defendant would have taken the stand in his defense."  The record is clear that Defendant was advised of his right to testify and Defendant acknowledged that he voluntarily waived that right. *See Exhibit 2: Excerpts of Trial Transcript, pgs. 167-68.*  Also, throughout the State's case defense counsel was not certain Defendant would testify. *See Exhibit 3: Excerpts of Trial Transcript, pgs. 96-7.*  Therefore, this claim is without merit and is denied.

Respondent's Exhibit 6.  The record supports the state court's findings.

> The Court: Mr. Mackey, your attorney has indicated to me that you do not intend to testify in your case.  Is that true, sir?
>
> The Defendant: Yes, sir.
>
> The Court:  All right.  Mr. Mackey, you have a right to testify in your own trial and you also have a right not to testify and if you choose not to testify the State cannot infer to the jury that you're guilty because you chose not to testify.  In other words, they cannot comment on your decision not to testify in your case.  You understand that?
>
> The Defendant: Yes, sir.
>
> The Court: This is a decision that you have to make, Mr. Mackey.  Your attorney can't make it for you.  However, of course, you can discuss this with your attorney and I presume that you have discussed it with your attorney; is that right?
>
> The Defendant: Yes, sir.
>
> The Court: And you have arrived at this decision on you own after discussing it with your attorney?
>
> The Defendant: Yes, sir.
>
> The Court: No one has threatened you or promised you anything in order to get you not to testify in this case?
>
> The Defendant: No, sir

Respondent's Exhibit 1 at 167-68.  Based on this record, Mackey has not shown that the state court's decision is an unreasonable application of *Strickland* or an unreasonable determination of the facts.  Consequently, Ground One is without merit.

Ground Two:

Mackey alleges that trial counsel was ineffective for failing to investigate forensic evidence and the area surrounding the shooting. The state court rejected this claim stating,

> Next, Defendant claims that counsel was ineffective by failing to conduct an independent forensic investigation or any pre-trial investigation and this failure "deprived defendant of any impeachment evidence." In fact, the record shows that defense counsel conducted at least seventeen depositions. *See Exhibit 4: Deposition Cover Pages.* The record further demonstrates that counsel did actively participated [sic] in the discovery process and did conduct a reasonable investigation of Defendant's case. *See Exhibit 5: Answer to Demand for Discovery and Acknowledgements of Additional Tangible Evidence.* Moreover, Defendant has not alleged the specific forensic evidence that may have been recovered or how the introduction of such evidence would have resulted in a different outcome. Therefore, Defendant has not shown that counsel's performance was deficient or that a reasonable probability exists that the trial outcome would have been different if such evidence was presented. This claim is denied.

Respondent's Exhibit 6. The record supports the state court's findings that counsel did conduct reasonable investigations. Just how much investigation to conduct is a matter left to the discretion of trial counsel. "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91. The Eleventh Circuit has established the following guideline regarding counsel's performance:

> To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable....
> [T]he issue is not what is possible or "what is prudent or appropriate, but only what is constitutionally compelled. "

*Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir.2000) (*en banc* ) (quoting *Burger v. Kemp*, 483 U.S. 776, 794, 107 S.Ct. 3114, 3126, 97 L.Ed.2d 638 (1987)). Based on this record, Mackey has not shown that the state court's decision is an unreasonable application of *Strickland* or an unreasonable determination of the facts. Consequently, Ground Two is without merit.

Ground Three:

Mackey alleges that trial counsel was ineffective for failing to file a motion to suppress his taped confession. The state court rejected this claim stating,

> Next, Defendant claims that his taped confession was a product of coercion and that counsel was ineffective for failing to file a Motion to Suppress his taped confession. To sustain this claim, Defendant must demonstrate that the confession was a product of coercion and that counsel knew or should have known of that fact. *See Jackson v. State*, 640 So. 2d 1173 (Fla. 2d DCA 1994). Testimony revealed that Defendant turned himself in at the police station. *See Exhibit 6.- Excerpts of Trial Transcript, pgs. 123-31.* The detectives videotaped the Defendant's confession. *See Exhibit 6.* At the beginning of the interview, the detectives issued Miranda warnings and explained the rights to Defendant. *See Exhibit 6.* After reviewing the Miranda warnings, Defendant gave his confession. The Court finds that Defendant has failed to prove the confession was a product of coercion and that counsel's performance was deficient. This claim is denied.

Respondent's Exhibit 6. The record supports the state court's findings of lack of coercion. Similarly, Mackey has not presented this court with any evidence to support a claim of coercion. Consequently, Ground Three is without merit.

Ground Four:

Mackey alleges that trial counsel was ineffective for failing to interview a potential defense witness, Ms. Bowers. The state court rejected this claim stating,

- 10 -

> Defendant contends that counsel failed to interview a potential witness. Specifically, Defendant claims he advised counsel to interview Ms. Bowers, the owner of the Snow Peak Restaurant, the location where the offense occurred. Defendant argues that Ms. Bowers would have testified that Defendant was engaged in self-defense to protect himself and he could not retreat from the victim. The Court finds that Defendant has presented a facially sufficient claim. *See Tyler v. State*, 26 Fla. L. Weekly D925 (Fla. 2d DCA April 4, 2001); *Odom v. State*, 770 So. 2d 195 (Fla. 2d DCA 2000).
>
> However, the record reveals that counsel did serve Ms. Bowers with a subpoena for deposition and trial. *See Exhibit 7: Subpoenas.* It is evident that counsel did pursue Defendant's information on Ms. Bowers. Additionally, the Court finds that several eyewitnesses testified that Defendant was retreating from the victim and the Defendant was not the aggressor. *See Exhibit 8: Excerpts of Trial Transcript, pgs. 40-47, 61, 64-65, 72-76, 90-91.* In light of the evidence presented, Defendant has not demonstrated that the omission of Ms. Bower's testimony resulted in prejudice. Therefore, this claim is without merit and is denied.

Respondent's Exhibit 6. Mackey has not shown what trial counsel could have done differently to obtain the appearance of Ms. Bowers, who simply failed to appear. And the record supports the state court's finding that trial counsel was able to introduce testimony about Mackey's retreating from the victim and that he was not the aggressor. Mackey cannot show either deficient performance or prejudice based on the failure to have Ms. Bowers testify. Consequently, Ground Four is without merit.

Ground Five:

Mackey alleges that trial counsel was ineffective for failing to obtain medical reports showing the level of drugs or alcohol in the victim's blood at the time of the shooting. The state court rejected this claim stating,

> Defendant claims that counsel was ineffective for failing to "obtain medical reports and drug toxicology reports." Defendant maintains this would prove the victim was under the influence of drugs at the time of the

- 11 -

> offense and the victim had a reputation for being violent when in such a condition.  Dr. Nicholas Hartshorne performed an autopsy and various tests on the victim.  *See Exhibit 9: Transcript of Deposition.  See Exhibit 10: Excerpts of Trial Transcript, pgs. 101-107.*  Certain toxicology analysis measures the blood alcohol level in the body.  *See Exhibit 9.  See Exhibit IO: pgs. 104- 5.*  During the deposition, defense counsel inquired about the victim's use of cocaine.  *See Exhibit 9: pgs. 9-10.*  Based upon the test results, Dr. Hartshorne surmised the victim was not under the influence of cocaine at the time of his death.  *See Exhibit 9: pgs. 9-10.*  Defense counsel also inquired into the victim's alcohol consumption.  *See Exhibit 9: pgs. 10-13.*  During the deposition and trial, Dr. Hartshorne testified that the victim's test results demonstrated the victim did consume alcohol within a short time frame before the offense occurred.  *See Exhibit 9: pgs. 10-13.  See Exhibit 10: pgs. 105-07.*  In fact, Dr. Hartshorne testified that the victim "was not on the decline" from the effects of the alcohol and was therefore under the influence of alcohol.  *See Exhibit IO: pg. 10 7.*  Also, testimony revealed the victim did appear to be under the influence of alcohol.  *See Exhibit 8: pgs. 44-5.*
>
> The Court finds that defense counsel presented evidence of the victim's alcohol consumption that evening and that the victim may have been under the influence of the alcohol at the time of the offense.  Therefore, Defendant has not demonstrated that counsel performance was deficient and, as such, this claim is denied.

Respondent's Exhibit 6.  Mackey fails to show how medical reports indicating the blood levels for drugs and alcohol would have materially changed the outcome of the trial, especially considering that trial counsel was able to present the testimony about the medical tests from the person who would have prepared the reports. Based on this record, Mackey has not shown that the state court's decision is an unreasonable application of *Strickland* or an unreasonable determination of the facts. Consequently, Ground Five is without merit.

Ground Six:

Mackey alleges that the trial court erred for failing to acquit him based on the victim's propensity for violence and Mackey's actual attempts to retreat. The state court rejected this claim stating,

> Next, Defendant alleges the "trial court erred in overlooking the defendant's circumstances surrounding the incident." Defendant argues that he was "placed in a position of imminent danger of death or great bodily harm" and that the victim was "known to have a strong propensity for violence." The Court finds Defendant has presented mere conclusory allegations and has not stated facts or demonstrated prejudice. *See Mattern v. Florida Parole Commission*, 707 So. 2d 806 (Fla. 4th DCA 1998) *rev. denied* 718 So. 2d 169 (Fla. 1998). Therefore, this claim is facially insufficient and is denied.

Respondent's Exhibit 6. How much weight to give the evidence of Mackey's attempt to retreat and the victim's propensity for violence was a question for the jury to resolve. A federal court, reviewing a state conviction in a habeas proceeding, must defer to credibility determinations made by the jury in weighing conflicting evidence on the petitioner's guilt or innocence.

> The federal courts have consistently reiterated that this standard for weighing the constitutional sufficiency of the evidence is a limited one. It is not required that the evidence rule out every hypothesis except that of guilt beyond a reasonable doubt. Faced with a record of historical facts that supports conflicting inferences, we must presume that the jury resolved such conflicts in favor of the prosecution, deferring to the credibility of the evidence. The simple fact that the evidence gives some support to the defendant's theory of innocence does not warrant the grant of habeas relief.

*Wilcox v. Ford*, 813 F.2d 1140, 1143 (11th Cir.) (footnote and citations omitted), *cert. denied*, 484 U.S. 925 (1987); *Heath v. Jones,* 863 F.2d 815, 819-20 (11th Cir. 1989) (*per curiam*). Based on this record, Mackey has not shown that the state court's

decision is an unreasonable application of *Strickland* or an unreasonable determination of the facts.  Consequently, Ground Six is without merit.

Ground Seven:

Mackey alleges that the trial court erred in refusing to re-instruct the jury on justifiable force when it responded to the jury's request for further instructions.  The state court rejected this claim on direct appeal in a *per curiam* opinion without providing any analysis.  Nearly an hour after deliberations began, the jury submitted a question to the trial court.  The following exchange occurred prior to the jury returning to the courtroom for further instructions.

> The Court: All right.  Jury has a question.  The question is "May we review the court's instruction regarding murder in the second degree?"
>
> [State's Attorney]: I would suggest that you reread the whole instruction to them.
>
> The Court: Okay.
>
> [Defense Counsel]: Judge, I agree.  I don't think that would be reinstructed on the 2.01, 2.02.  Just instruct them on the crime, defense and justifiable use of deadly force?
>
> [State's Attorney]: That's not what they asked for, though.
>
> The Court: They asked for the instruction on second degree.  I'll read them the instruction to homicide second degree and manslaughter.  They didn't ask about any defenses.  So I think I'll read the entire instruction on the substantive charges.
>
> [Defense Counsel]: Just note my objection to the Court not reading the justifiable use of deadly force.

Respondent's Exhibit 1 at 218-19.  The trial court then re-instructed the jury, which included some explanation of justifiable and excusable homicide.  Respondent's

Exhibit 1 at 220-21.  Ten minutes later the jury returned their verdict of guilty of second degree murder.  Respondent's Exhibit 1 at 223.

The review of jury instructions in a habeas corpus proceeding is limited.  "Our limited role on habeas review, when faced with a challenge to a state law jury charge, is to determine whether any error or omission in the jury charge was so prejudicial as to amount to a violation of due process."  *Agan v. Vaughn*, 119 F.3d 1538, 1545 (11th Cir. 1997), *cert. denied*, 523 U.S. 1023 (1998).  The trial court responded to the exact question the jury asked, which was for instructions on only second degree murder.  This court cannot say that the trial court's response to the jury's request amounted to a denial of due process. Consequently, Ground Seven is without merit.

Accordingly, the petition for the writ of habeas corpus (Doc. 1) is **DENIED**.  The clerk shall **ENTER A JUDGMENT** against Mackey and **CLOSE** this action.

ORDERED in Tampa, Florida, on August 5, 2005.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE